U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 SEP 20 AM 9:28

CLERK

BY /s/ LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MICHAEL J. LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LISA M. MENARD, DAVID TURNER, ) <br> KOREY STONE, JOSHUA RUTHERFORD, ) <br> JOEL MACHADO, JANE DOES, and ) <br> JOHN DOES, ) <br> ) <br> Defendants. ) | Case No. 2:18-cv-123 |

**OPINION AND ORDER**
**ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS,**
**GRANTING PLAINTIFF LEAVE TO AMEND,**
**AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR**
**APPOINTMENT OF PRO BONO COUNSEL**
(Docs. 12 & 28)

This matter came before the court for a review of the Magistrate Judge's February 26, 2019 Report and Recommendation ("R & R") (Doc. 28), in which he recommended the court dismiss the Complaint filed by Plaintiff Michael Lewis, an inmate in the custody of the Vermont Department of Corrections ("VT DOC"), against Defendants Lisa M. Menard, David Turner, Korey Stone, Joshua Rutherford, Joel Machado, and Jane and John Does (collectively, "Defendants") based on alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while he was detained at a Pennsylvania Department of Corrections ("PA DOC") detention center from approximately June of 2017 until October 27, 2017. He seeks permanent injunctive relief preventing Defendants from transferring him to an out-of-state detention facility and compensatory and punitive damages against Defendants in both their individual and official capacities. In their motion to dismiss, Defendants assert that Plaintiff's request

for an injunction is moot as he is no longer incarcerated in Pennsylvania and will not be in the future because Defendants have terminated their contract with PA DOC.

Plaintiff is self-represented. Defendant is represented by Vermont Assistant Attorney General Robert M. LaRose.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Rule 72(b) requires a party to provide "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see Mario v. P & C Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (concluding a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority . . . does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). In his objection to the R & R, Plaintiff concedes that he "do[es] not wish to pro[ceed] with suing, or p[u]rsuing criminal charges against, as a matter of law[,] Joel Machado, and any [J]ane [D]oe, or [J]ohn [D]oes, Joshua Rutherford[.]" (Doc. 29 at 4.) Accordingly, Defendants' motion to dismiss those Defendants is hereby GRANTED. In this case, Plaintiff's objection provides no other guidance as to why he contends the R & R is in error.

Because Plaintiff did not raise specific objections to any of the Magistrate Judge's factual or legal conclusions, the court hereby ADOPTS the Magistrate Judge's R & R, GRANTS Defendants' motion to dismiss, and DISMISSES Plaintiff's Complaint.

The Magistrate Judge further recommended the court refrain from granting Plaintiff leave to amend his Complaint because Plaintiff had not sought leave to amend

2

prior to the R & R and because the Magistrate Judge concluded amendment would be futile based on the pleadings before the court at that time. Although the Magistrate Judge's points are well taken, Plaintiff now requests leave to amend his Complaint. The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires").

Plaintiff is hereby GRANTED thirty (30) days from the date of this Order to file an Amended Complaint. Any amended filing shall be entitled "Amended Complaint" and shall consist of numbered paragraphs containing short and plain factual allegations, a short and plain statement of each legal claim Plaintiff asserts, and a clear and concise statement of the relief requested. *See* Fed. R. Civ. P. 8(a) & 9 (setting forth pleading requirements). In the Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include because the Amended Complaint will take the place of the original Complaint in all respects. Failure to file an Amended Complaint in the time period provided shall result in the dismissal of all claims with prejudice.

Plaintiff also requests the court appoint pro bono counsel to assist him with his Amended Complaint. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011). A party granted *in forma pauperis* status may request appointment of an attorney if the party is unable to afford one. *See* 28 U.S.C. § 1915(e)(1). The courts are granted "[b]road discretion" in making the decision to request that an attorney undertake pro bono representation. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

As a threshold requirement, the court must determine whether an indigent party's claim "is likely one of substance." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of

the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.* (denying counsel where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). Once satisfied as to the substance of a plaintiff's claims, a court should consider the following:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62.

Here, the court granted Plaintiff's motion to proceed *in forma pauperis* and he is thus presumably unable to afford counsel. However, because Defendants' motion to dismiss the Complaint has been granted, at this time Plaintiff has not demonstrated his claims are "likely one[s] of substance." Accordingly, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.[1]

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of September, 2019.

Christina Reiss, District Judge
United States District Court

---

[1] The court nonetheless provides Plaintiff with contact information for attorneys who have expressed an interest in pro bono representation.

4